# Thomas H. Wentz's Admrs., Plffs. in Err., v. T. S. C. Lowe.

One who has dealt with a corporation as such cannot, in a suit arising out of the transaction, controvert its incorporation.

The question whether a new trial has been granted in a case must be determined by the record.

(Decided May 10, 1886.)

Error to the Common Pleas of Montgomery County to review a judgment for defendant in an action upon a promissory note. Affirmed.

In 1875 Thomas H. Wentz furnished materials for the repair of a building of which the People's Gas Light & Fuel Company was the reputed owner. The materials were ordered by T. S. C. Lowe, and a mechanics' lien was filed against the building. Lowe gave to Wentz his promissory note for $2,000, in payment, as the latter claimed, for this material. Upon this note $500 was subsequently paid, and the note renewed for $1,500.

Wentz brought suit upon the latter note, claiming that the materials were furnished on the credit of Lowe; and offered evidence to prove that there was no such company as The People's Gas Light & Fuel Company, excepting on paper. The court rejected this testimony, and its action in this respect was assigned for error.

At the trial the defendant set up that the note was an accommodation note which he had loaned to plaintiff. The court left it to the jury to find whether it was such, instructing them that if it was, their verdict must be for defendant; but if it was a note given in payment of the material furnished to the People's Gas Light & Fuel Company, their verdict must be for plaintiff.

The jury returned a verdict for defendant.

NOTE.—One who has contracted with a corporation cannot deny the corporate existence in a suit arising therefrom. Cochran v. Arnold, 58 Pa. 399; Spahr v. Farmers' Bank, 94 Pa. 429; Johnston v. Elizabeth Bldg. & L. Asso. 104 Pa. 394. In any case corporate existence must be specifically denied by the defendant to take advantage of the want of it. Act May 25, 1887 (P. L. 271).

A motion for a new trial was made before the trial judge, the late Judge Ross, and plaintiffs claimed that it was granted; but the judge died before a retrial was had.

The case was argued before his successor, Judge STINSON; and a paper purporting to be an order for new trial was produced in evidence and filed in the case. Judge STINSON held the case under advisement until the expiration of his term; and his successor, Judge BOYER, after argument of the case, denied the motion for new trial; and the plaintiff Wentz having died, his administrators brought the case here on writ of error.

*George N. Corson,* for plaintiffs in error.—Where the judge prominently presents one side and ignores the theory of the other, it is cause for reversal. Goersen v. Com. 99 Pa. 388.

The meaning of words used in conversation is exclusively for the jury. Brubaker v. Okeson, 36 Pa. 519.

We said the alleged company was a fraud in fact, and that is a question exclusively for the jury. Dornick v. Reichenback, 10 Serg. & R. 84; Jack v. Dougherty, 3 Watts, 151; Avery v. Street, 6 Watts, 247; Graham v. Smith, 25 Pa. 323; Loucheim Bros. v. Henszey, 77 Pa. 305.

Where the language of the charge as to the true character of the testimony tends to mislead the jury, it is error and a ground for reversal. Fawcett v. Fawcett, 95 Pa. 376; Pistorius v. Com. 84 Pa. 158.

The judge should studiously avoid deductions and theories not warranted by the evidence. Burke v. Maxwell, 81 Pa. 139.

The judge must not mislead the jury. Mohney v. Evans, 51 Pa. 84; Ralston v. Groff, 55 Pa. 276; Ditmars v. Com. 47 Pa. 335.

*Charles Hunsicker,* for defendant in error.—It was held in Cochran v. Arnold, 58 Pa. 399: "The validity of a corporation formed under the manufacturing law of April 7, 1849, cannot be inquired into collaterally."

Until the franchises of such corporations have been adjudged by proceedings by the commonwealth not to exist, it is a corporation *de facto* at least. Paterson v. Arnold, 45 Pa. 410, overruled.

Parties who contract with a corporation as such cannot deny its corporate existence. Spahr v. Farmers' Bank, 94 Pa. 429, and the cases there cited.

PER CURIAM:

This case turned on a question of fact. The evidence was conflicting, but it was submitted to the jury in a clear and correct charge. The plaintiff, who dealt with the People's Gas Light & Fuel Company as a corporation, cannot in this suit and in the manner proposed controvert its existence as such.

Whether a new trial had been granted by either or both of the predecessors of the present judge was to be determined by the record. The present court committed no error in holding that all the outside papers failed to establish that fact.

Judgment affirmed.

Motion for reargument denied on May 28, 1886.